IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KEVIN TERRY                                                                                          PLAINTIFF

V.                    NO.  5:07cv00268 JWC (Lead Case)
                              5:07cv00269 JWC (Member Case)

ERNEST GOLDEN, et al                                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

On October 19, 2007, Plaintiff, a pro se pre-trial detainee who at the time was confined to the Arkansas County Detention Center, filed this 42 U.S.C. § 1983 civil rights action (doc. 2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (doc. 6).

On July 16, 2008, Defendant Golden, the sole remaining Defendant in this consolidated case, filed a notice of returned mail (doc. 42) indicating that he had mailed to Plaintiff, at the Arkansas County Detention Center, a copy of his witness and exhibit list. This mailing was returned to Defendant's counsel reflecting that Plaintiff was no longer a resident at the Arkansas County Detention Center.  On July 18, 2008, Defendant Golden filed a motion for summary judgment and brief in support (doc. 43, 44) seeking to dismiss Plaintiff's complaint on the grounds that he had failed to state a viable claim against him. By order entered July 22, 2008 (doc. 46), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion for summary judgment and was directed to file his responsive pleading on or before August 12, 2008.  Plaintiff was additionally

directed to file a separate, short and concise statement of facts in response to Defendant's statement of undisputed material facts[1] and was further advised that his failure to do so would result in the facts in Defendant's statement being admitted.

On July 29, 2008, mail addressed to Plaintiff at his last known address was returned to the Court undelivered (see doc. 49).[2]  On August 18, 2008, additional mail addressed to Plaintiff at his last known address was also returned to the Court undelivered (see doc. 50).[3]  Both pieces of mail were returned to sender indicating that Plaintiff was no longer incarcerated at the Arkansas County Detention Center.  A check of the Arkansas Department of Correction website using Plaintiff's name indicates that he is not incarcerated there.  Plaintiff never received or responded to Defendant Golden's motion for summary judgment, he has filed no change of address, and he has had no contact with this Court since February 6, 2008, when he filed a motion to appoint counsel (see doc. 24). Under these circumstances, Plaintiff's case will be dismissed without prejudice for his failure to prosecute the action diligently.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice

---

[1] Doc. 45.

[2] The Court's July 22, 2008, order regarding Defendant Golden's motion for summary judgment.

[3] The Court's July 1, 2008, memorandum opinion and order granting Defendants Fish's and Tracy's motions for summary judgment.

if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Plaintiff's case is DISMISSED IN ITS ENTIRETY.

2. All PENDING MOTIONS are DENIED AS MOOT.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

IT IS SO ORDERED this 25th day of September, 2008.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE